■ In the Matter of HULL-HAZARD, INC., et al., Respondents, v LILLIAN ROBERTS, as Commissioner of Labor of the State of New York, Appellant.—Order unanimously reversed, on the law, without costs, and motion denied. Memorandum: In conducting a compliance investigation and hearing pursuant to Labor Law § 220 (7), (8), the fiscal officer is authorized to issue subpoenas compelling production of an employer's books and records pertaining to the rate of wages paid and supplements provided to laborers on a public work project. Such investigative subpoenas should be upheld "so long as the information sought is reasonably related to a proper area of investigation." *(Big Apple Concrete Corp. v Abrams,* 103 AD2d 609, 614.) Here, the subpoenaed payroll records are reasonably related to the Department of Labor's investigation as to whether petitioner

complied with the prevailing wage and supplements require-ments (Labor Law § 220 [3], [5] [b]) on its Interstate 81 con-struction contract with the State Department of Transporta-tion. The information sought by respondent is relevant and material to establish whether petitioner made pension plan contributions in a manner and amount required by the con-tract and to what extent the funds currently on deposit in the "Hull Corporation Retirement Income Plan" constitute contri-butions on behalf of its public work employees. The record established that the wage supplements on behalf of all em-ployees of Hull-Hazard and the Hull Corporation have been commingled; thus the mere fact that the total contribution exceeds the pension contributions required for employees on the Interstate 81 project does not establish that petitioner has satisfied its Labor Law obligations. The subpoenaed records are necessary to resolution of that issue. We note that an appeal lies as of right from an order quashing a subpoena (CPLR 5701 [a]), and that the subpoena was properly directed to the Hull Corporation since the pension plans of the two corporations are affiliated. (Appeal from order of Supreme Court, Onondaga County, Donovan, J.—quash subpoena duces tecum.) Present—Denman, J. P., Green, Pine, Balio and Schnepp, JJ.